EL PUEBLO, DEMANDANTE Y APELADO, *v.* QUIRINDONGO,
ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en
causa por adulteración de leche.

No. 2036.—Resuelto en marzo 23, 1923.

ACUSACIÓN—REINCIDENCIA—OBJECIONES A LA ACUSACIÓN EN APELACIÓN.—Una
alegación imperfecta en cuanto a la reincidencia del acusado, cuando ésta es
parte del delito, no vicia de nulidad la acusación; y para que prospere una
objeción por motivo de tal imperfección debe formularse en la corte senten-
ciadora. La objeción por primera vez en apelación es tardía.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. B. Fornaris.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

El 12 de enero último el acusado fué condenado por la

Corte de Distrito de Ponce a sufrir seis meses de cárcel como autor de un delito de adulteración de leche, consignándose en la sentencia que se había alegado y probado la reincidencia del acusado.

No conforme éste, interpuso el presente recurso de apelación limitándose a exponer en su alegato lo que sigue:

"Sostenemos que la pena impuesta al acusado apelante es ilegal por cuanto se le ha impuesto la correspondiente a la reincidencia, según lo dispuesto en la Ley sobre adulteración de leche, aprobada en 10 de marzo de 1910, sin que tal reincidencia haya sido alegada de una manera suficiente en la acusación. Como podrá ver esta Honorable Corte el Fiscal hace constar la reincidencia del acusado en el hecho de haber sido sentenciado por el mismo delito a cumplir dos días de cárcel por la corte de distrito de Ponce, sin que en ella se especifique la fecha en que fué sentenciado a cumplir esos dos días de cárcel, requisito indispensable para informar al acusado debidamente de todos los hechos que se le imputan en dicha acusación."

El delito se imputó así:

"Que en agosto 28, 1922, 8:15 a. m. y en la calle Progreso de Ponce dentro del distrito judicial municipal de Ponce, P. R., el acusado de referencia, voluntaria, maliciosa e ilegalmente vendió leche de vaca adulterada con agua en la referida calle Progreso de Ponce, cuya adulteración se comprueba con el adjunto informe analítico practicado por el Director del Laboratorio Químico Insular.—Esta leche contenía 20 por ciento de agua añadida artificialmente y tal como se vendió era impropia para el consumo público y pudo haber diseminado enfermedades infecciosas.—El acusado es reincidente y fué sentenciado por la Corte de Distrito de Ponce a cumplir dos días de cárcel por adulteración de leche."

Siendo el hecho de la anterior convicción una parte del delito imputado, dice Cyc., resumiendo la jurisprudencia, en cuanto lo agrava y aumenta la pena, debe alegarse en la denuncia o acusación. 12 Cyc. 950.

Aquí no se sostiene que dejara de alegarse la reincidencia. Se alegó en la forma que hemos visto. Lo que se sostiene es que la alegación se hizo de modo tan imperfecto que vicia la acusación de nulidad. Si la cuestión se hu-

biera levantado en la corte inferior y la corte hubiera negado la petición del acusado, estaríamos conformes. Pero la naturaleza del cargo fué alegada. El acusado se dió por informado y fué a juicio y en el juicio se probó el delito en sí y la reincidencia. La cuestión se levanta por vez primera en esta corte y es ya demasiado tarde para que prospere. Pueden citarse en apoyo de esta conclusión los casos de *El Pueblo* v. *Fontana,* 16 D. P. R. 657, *El Pueblo* v. *Aponte,* 9 D. P. R. 383, y *El Pueblo* v. *López,* 8 D. P. R. 576, a que se refiere el fiscal en su alegato.

Procede la confirmación de la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Hutchison y Franco Soto.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.