EL PUEBLO, DEMANDANTE Y APELADO, *v.* TORO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en un caso por adulteración de leche.

No. 2217.—Resuelto en febrero 18, 1924.

ADULTERACIÓN DE LECHE—REINCIDENCIA—DENUNCIA SUFICIENTE. — Imputa suficientemente la *reincidencia* una denuncia por adulteración de leche que en lo pertinente alega: ''El citado Luis Toro, quien es reincidente de este mismo delito, según sentencia firme de esta corte, de fecha 13 de octubre de 1920, el día 7 de enero de 1923 y dentro del distrito judicial de la corte de distrito de Ponce, P. R., ilegal, intencional y voluntariamente vendió leche de vaca adulterada.''

ID.—PRUEBA DE LA ADULTERACIÓN.—Un dictamen autorizado por los oficiales del

Laboratorio Químico Insular conteniendo el análisis detallado de una muestra de leche tomada del puesto del acusado, dejando en poder de éste otra igual, y la conclusión de haber sido adulterada con agua, es admisible como prueba.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Martínez Nadal, Tormes & Colón.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

La acusación, base de este proceso, copiada en lo pertinente, dice:

"El Fiscal formula acusación contra Luis Toro por infracción a la sección primera de la Ley proveyendo lo necesario para castigar la adulteración de leche, etc. (10 de marzo de 1910, pág. 167) *misdemeanor* cometido de la manera siguiente: El citado Luis Toro, quien es reincidente de este mismo delito, según sentencia firme de esta corte, de fecha 13 de octubre de 1920, el día 7 de enero de 1923, y dentro del distrito judicial de la Corte de Distrito de Ponce, P. R., ilegal, intencional y voluntariamente vendió leche de vaca adulterada."

Alegó su inocencia el acusado, fué su causa a juicio y la corte dictó sentencia condenándolo a sufrir seis meses de cárcel sin costas por ser insolvente. No conforme con la sentencia, apeló señalando en su alegato la comisión de tres errores, a saber:

1, la acusación no imputa el delito por el cual fué castigado;

2, la corte erró al admitir como prueba cierto dictamen pericial, y

3, erró la corte al apreciar la evidencia.

Examinemos el primer error. La adulteración de leche se castiga en esta Isla de acuerdo con las prescripciones de una ley aprobada en 1910, Comp. de 1911, p. 965, y para conocer del delito se confirió jurisdicción exclusiva a las cortes de distrito. La Legislatura estimó que era necesario castigar fuertemente a los que por lucrarse vendían adulterado un

alimento que figura no sólo en la dieta de todas las perso-
nas, sino especialmente en la de los niños, los ancianos y
los enfermos, produciendo trastornos en su salud que en al-
gunas ocasiones terminan con la muerte. De ahí que en
la misma ley se ocupara de la *reincidencia,* así:

"*Disponiéndose,* que la reincidencia en la adulteración, dilu-
ción, oferta o tenencia en venta, o venta de leche adulterada, apa-
rejará para el culpable la pena de encarcelamiento de seis meses a
un año, y la revocación de su licencia."

La acusación, a nuestro juicio, imputa con suficiente
claridad y precisión la *reincidencia.* Reincidencia quiere de-
cir "reiteración de una misma culpa o defecto" y en nues-
tro actual sistema penal la materia está regulada por los ar-
tículos 56 al 61 del Código Penal que tratan de los "delitos
subsiguientes." La reincidencia aquí es especial, y la acusa-
ción la imputa siguiendo el lenguaje del propio estatuto. Las
palabras "mismo delito" y la expresión de la corte que
dictó la sentencia y de la fecha en que fué dictada, consti-
tuyen información bastante para que el acusado pueda pre-
parar debidamente su defensa.

Además la cuestión se levanta por vez primera en apela-
ción y en todo caso a la única conclusión a que podría lle-
garse sería a la de que la reincidencia había sido imputada
en forma imperfecta y es demasiado tarde para que la im-
perfección produzca efecto alguno. *El Pueblo* v. *Quirin-
dongo,* 31 D. P. R. 642.

En el acto de la vista y después de haber declarado los
testigos Juan Ríos Medina, inspector de sanidad, que tomó
una muestra de la leche que vendía el acusado que se co-
locó en tres botellas que se lacraron y sellaron, dejando
una en poder del acusado y enviando otra al laboratorio
químico marcada con el número 31884; Ramón Más, corro-
borando al anterior, y Rafael Barreras, químico auxiliar del
Departamento de Sanidad, que recibió la muestra de leche

número 31884, la analizó y resultó adulterada, se introdujo como prueba un documento que dice:

"Gobierno de Puerto Rico.—Departamento de Sanidad.—Laboratorio Químico.—San Juan, P. R., abril 2 de 1923.—Oficina del Laboratorio Químico,—Análisis 31884.—Leche de vaca—marzo 7 de 1923.—Muestra tomada a Luis Toro, Yauco, P. R.—Testigo Ramón Más, Yauco, P. R.—Inspector, J. Ríos Medina, Yauco, P. R.—Densidad, 1.0295; Grasa, 3.1; Refracción, 34.5; Sólidos totales (p. c.) 11.23; sólidos sin grasa, 8.13; Agua, 88.77; Conclusión: adulterada (aproximadamente con 10% de agua añadida artificialmente) (f) Rafael Barreras Ribera, Químico auxiliar del Laboratorio.—Vo. Bo. (f) R. del Valle Sárraga, Director del Laboratorio."

Basta la exposición de los anteriores hechos, para concluir que la corte no erró al admitir el documento de que se trata. La leche fué suficientemente identificada. Además una parte de la muestra quedó en poder del acusado y si en realidad de verdad no estaba adulterada, el acusado pudo demostrarlo por medio de otro dictamen pericial.

En cuanto a la prueba, fué a nuestro juicio tan clara así en lo que se refiere a la venta de la leche por parte del acusado como en cuanto al hecho de haber sido el acusado condenado anteriormente por el mismo delito, que no es necesario que nos detengamos en una exposición de la misma.

Todo revela que la sentencia apelada se dictó de acuerdo con los hechos y la ley y por tanto que debe ser confirmada, sirviendo la condena no sólo de justo castigo al culpable sino de advertencia a todos. La misma ley de 1910, prescribe en su afán de evitar que la comisión de delitos como éste continúe en la escala advertida, que "la sentencia dictada contra una persona por reincidencia se publicará en dos de los periódicos de mayor circulación en la Isla, y se anunciará también por medio de cartelones, que se fijarán en sitios públicos y en el domicilio o establecimiento del sentenciado."

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.