El Pueblo de Puerto Rico, demandante y apelado, *v.*
Digno Gely, acusado y apelante.

No. 3271.—*Visto:* Noviembre 22, 1927. *Resuelto:* Enero 25, 1928.

1. Derecho Penal—Apelación y Error y Certiorari—Presentación y Reserva en la Corte Inferior de los Fundamentos de Revisión—Necesidad

DE QUE LAS CUESTIONES SE PRESENTEN EN LA CORTE INFERIOR—OBJECIONES
AL INDICTMENT, ACUSACIÓN Y DENUNCIA—SUFICIENCIA DE LA ACUSACIÓN.—
La objeción de que la acusación no determina la comisión de un delito en
grado de reincidencia por haberse alegado ésta de modo imperfecto, es tar-
día cuando se levanta por vez primera en apelación. Tal objeción debe
formularse en la corte inferior para que pueda prosperar en apelación.

2. ALIMENTOS *(Food)*—LECHE—LECHE ADULTERADA—RESPONSABILIDAD CRIMINAL
—PROCESO Y CASTIGO—DE LA ACUSACIÓN—SU SUFICIENCIA.—Una acusación
por delito de adulteración de leche en grado de reincidencia que alegue que
la sentencia que condenó al acusado anteriormente no fué apelada, no es
insuficiente para imputar tal delito porque no alegue que el acusado no fué
indultado, ya que el perdón por un delito anterior no le exime de una pena
mayor al ser convicto posteriormente por igual delito.

3. ALIMENTOS *(Food)*—LECHE—LECHE ADULTERADA—RESPONSABILIDAD CRIMINAL
—PROCESO Y CASTIGO—DE LA ACUSACIÓN—SU SUFICIENCIA.—Una acusación
por delito de adulteración de leche en grado de reincidencia aún cuando no
alegue la fecha en que se cometió el anterior delito, es suficiente para im-
putar tal delito si en ella se alega la fecha de la convicción.

4. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—RESOLUCIÓN Y DISPOSI-
CIÓN DEL CASO—CONFIRMACIÓN.—Cuando no se ha cometido el único error
señalado por el apelante y examinados los autos no hay nada fundamental
que requiera la revocación de la sentencia apelada, ésta debe confirmarse.

SENTENCIA de *R. López Antongiorgi,* J. (Guayama), condenando al
acusado por delito de adulteración de leche en grado de reinci-
dencia. *Confirmada.*

*Arcilio Alvarado,* abogado del apelante; *José E. Figueras,* abogado
de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

El Fiscal del Distrito de Guayama el 24 de enero de 1927
acusó a Digno Gely por infracción a la Ley proveyendo lo
necesario para castigar la adulteración de leche y para otros
fines, aprobada el 12 de agosto de 1925, imputándole la co-
misión del siguiente hecho:

"El referido acusado, Digno Gely, en época anterior a la presen-
tación de esta acusación, o sea allá por el día 14 de diciembre de
1926, y en la calle Francisco Lebrón de Patillas, Puerto Rico, que
forma parte del Distrito Judicial de Guayama, Puerto Rico, allí y
entonces, ilegal y voluntariamente y por conducto de Dupín Gely,
ofrecía a la venta como pura, leche de vaca, cuyo líquido estaba
adulterado con agua aproximadamente en un 40% añadido artificial-
mente.

"El Fiscal hace constar la reincidencia de este acusado, quien

fué sentenciado por esta Hon. Corte y por el mismo delito en cinco de enero de 1925, a la pena de quince días de cárcel, cuya sentencia no fué apelada y por consiguiente fué firme.''

Cuando se leyó la acusación, el acusado hizo la alegación de no culpable. Se señaló el 14 de marzo para la vista. Repitió en ella el acusado su alegación de no culpable y entró acto seguido en la práctica de la prueba. La corte el propio día de la celebración del juicio declaró al acusado culpable de un delito de adulteración de leche y estimando que se había alegado y probado la reincidencia lo condenó a sufrir nueve meses de cárcel y a pagar quinientos dólares de multa, sin costas, disponiendo la revocación de la licencia mediante la cual el convicto fué autorizado para vender y distribuir leche.

No conforme Gely interpuso el presente recurso de apelación. Un solo error señala en su alegato, a saber:

''Que la acusación no aduce hechos suficientes para determinar la comisión del delito de adulteración de leche en grado de reincidencia.''

[1] Funda su conclusión el apelante en primer término en que a la fecha de la primera condena, 5 de enero de 1925, no estaba vigente la Ley para castigar la adulteración de leche, aprobada el 12 de agosto de 1925, que aplicó el juez.

A esto contesta el Fiscal que si bien en la acusación se dice que el acusado había sido anteriormente sentenciado el 5 de enero de 1925, la prueba, admitida sin objeción durante el juicio, demostró que lo fué el 5 de febrero de 1926 cuando ya estaba vigente la indicada ley.

Y como la cuestión se suscita por vez primera en esta Corte Suprema, ello es suficiente de acuerdo con la jurisprudencia establecida en el caso de *El Pueblo* v. *Quirindongo,* 31 D.P.R. 642.

[2] Funda además su conclusión el apelante en que si bien se alega en la acusación que la sentencia por virtud de la cual se condenó al acusado anteriormente, no fué ape-

lada, no se alega que el acusado no fué indultado. Y sostiene, sin citas de autoridades, que en Puerto Rico el indulto de una pena constituye una exoneración completa.

Corpus Juris resume la jurisprudencia sobre la materia así:

"Si bien hay decisiones que resuelven lo contrario, de acuerdo con el peso de las autoridades, el hecho de que el acusado haya sido perdonado por su delito anterior, no le exime de una pena mayor al ser convicto posteriormente. 16 C. J. 1342.

La razón de la regla se da en una nota al texto, tomándola de un caso de Kentucky. Es como sigue:

"La concesión del perdón eximió al reo de toda la pena impuéstale por el delito de que se le perdonaba, y de nada más. No le exoneró ni podía exonerarle de las consecuencias penales, resultantes de la comisión de otro delito, cometido después de haberse concedido el indulto, y que nunca fué perdonado. La pena mayor prescrita por el estatuto para el delito subsiguiente no formaba parte de las consecuencias penales del primer delito, sino que eran aplicables exclusivamente al posterior delito, según fué agravado por su repetición. La legislatura, conforme lo exigen la justicia y la política pública, debió haber dispuesto un castigo más severo para la reincidencia que para la primera comisión de un delito; y es impertinente si lo ha hecho así prescribiendo para el segundo delito una pena al doble de la del primer delito; o aumentando la pena en alguna otra forma. De todos modos, el castigo mayor es aplicable al último delito y no al primero, y, desde luego, el perdonarse el primer delito en forma alguna equivale al indulto del delito posterior o a la remisión de parte del castigo impuesto por la comisión del mismo." *Mount* vs. *Com.*, 2 Duv. (Ky.) 93, 95. 16 C. J. 1342, nota (a).

[3] El último fundamento del apelante para sostener su conclusión es que la acusación no alega como debió alegar la fecha en que se cometió el primer delito.

Hubiera sido sin duda más completa la acusación si se hubiera alegado dicha fecha, pero habiéndose alegado la de la convicción, ello era suficiente. Si el acusado había sido ya convicto cuando cometió la segunda ofensa, claro es que

la comisión era anterior. Y eso es todo lo que requiere la ley; comisión y convicción anteriores a la segunda ofensa. Parece conveniente citar un resumen de la jurisprudencia sobre el particular. Lo tomaremos de Ruling Case Law. Es así:

"Las decisiones no son uniformes respecto a si la convicción anterior debe tener lugar antes de cometerse el delito posterior, o si éste puede ser cometido antes de cualquier convicción. Algunas autoridades sostienen que el estatuto es aplicable aún si el segundo delito se ha cometido antes de ser el acusado convicto del primer delito, mientras que otras sostienen que toda vez que los estatutos de esta naturaleza son de carácter reformatorio, no es su propósito fijar un castigo mayor para un acto cometido antes de que se haya convicto al acusado por otro delito de la misma clase, sino únicamente para una persona que después de haber sido convicta no se reforma y persiste en cometer otros delitos de igual naturaleza. Al aplicar esta regla se ha establecido una distinción entre el significado popular y el técnico de la palabra 'convicción.' De acuerdo con el lenguaje corriente se dice que un veredicto de culpabilidad equivale a una convicción, y se le ha dado este significado popular cuando han estado ante las cortes derechos distintos a los de la persona que ha sido declarada culpable. Pero se presenta una situación enteramente distinta cuando uno se confronta con una acusación que imputa al acusado haber sido convicto anteriormente de un delito similar, y cuando de acuerdo con el estatuto la supuesta repetición de la ofensa es un delito distinto, para el cual, al ser convicto el acusado, se deben imponer penas más severas. En tal caso, a la palabra 'convicción' debe dársele su significado legal estricto de sentencia, al hacerse la alegación de culpable o al rendirse un veredicto de culpabilidad. La legislatura fija una pena más severa por haber resultado inefectiva la pena señalada para la primera comisión del delito. Por tanto, el segundo delito, que apareja penas más severas, no se comete en derecho hasta que ha habido sentencia en el primer delito." 8 R.C.L. 275.

[4] A virtud de todo lo expuesto, no habiéndose cometido el único error que señala el apelante y habiendo examinado en general los autos y no encontrando nada fundamental que requiera la revocación de la sentencia, *debe ésta ser confirmada.*