EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
ANDRÉS RUIZ, acusado y apelante.

Núm. 9229.—*Sometido:* Marzo 11, 1942. *Resuelto:* Marzo 16, 1942.

*Andrés Ruiz,* por su propio derecho; *Hon. Procurador General George A. Malcolm y R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

154

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

■■ El apelante fué convicto de un delito subsiguiente de escalamiento en primer grado y sentenciado a diez años de presidio con trabajos forzados. La convicción anterior, según la acusación, consistió en la sentencia de dos años de presidio impuéstale por la Corte de Distrito de Humacao el 22 de abril de 1935 por un delito subsiguiente de hurto menor. Alega el apelante por primera vez en apelación, según parece, pues no ha sido elevada la prueba, que es errónea la sentencia en cuanto a la condición de subsiguiente se refiere, porque en el aludido caso de hurto menor subsiguiente no se le advirtió del derecho a estar representado por abogado y no lo tuvo, por lo que dicha sentencia es nula por falta de jurisdicción, y siéndolo, no podía ser considerada a los efectos de calificar de subsiguiente el delito de escalamiento en primer grado, cuya sentencia es objeto de este recurso. En apoyo de su aseveración, el apelante acompañó una copia certificada de la sentencia recaída en el caso de hurto menor subsiguiente, la que en lo pertinente dice así:

"Hoy día 22 de abril de 1935, señalado para la lectura de la acusación en este caso, comparecieron El Pueblo de Puerto Rico por su fiscal y el acusado en propia persona. Leída la acusación entregándosele copia de la misma, el acusado hizo alegación de culpable.

"La corte, oída la lectura de la acusación y la confesión de culpabilidad hecha por el acusado Andrés Ruiz Muñoz, le declara culpable de un delito subsiguiente de hurto menor y habiendo renunciado expresamente al término para que se dicte sentencia, le impone la pena de dos años de presidio con trabajos forzados, sin costas."

Si en efecto el apelante no fué advertido de su derecho a estar representado por abogado en el caso de hurto menor subsiguiente y no pudo por tal razón ejercitar ese derecho, debió alegarlo en la corte inferior para que ésta pudiese resolver la cuestión en primera instancia y pudiese este tribunal revisar ahora la decisión; pero de entrar a considerar

esa prueba dentro de este recurso, actuaríamos como corte de jurisdicción original, jurisdicción que no podemos asumir excepto en los casos en que nos ha sido expresamente conferida por la ley.

■ Alega también el apelante que. los delitos de hurto menor subsiguiente y escalamiento en primer grado "no son en ningún momento similares", y que por lo tanto debe eliminarse la calificación de subsiguiente en el de escalamiento en primer grado.

En cuanto a esta segunda cuestión, debemos decir que la ley no requiere tal semejanza en los delitos para que pueda existir la condición de subsiguiente, y que el artículo 56 del Código Penal expresamente dispone que el reo que hubiese sido convicto de algún delito castigable con pena de presidio, si después de dicha convicción cometiere cualquier delito que aparejare en primera convicción pena de presidio por un término de más de cinco años, dicho reo será castigado con pena de presidio por un término mínimo de diez años.

■ Como el delito de hurto menor subsiguiente es castigable con pena de presidio y el de escalamiento en primer grado también lo es por un término de uno a quince años, actuó la corte *a quo* dentro de la discreción que le concede la ley al imponer al acusado una sentencia de diez años de presidio, que es el mínimo de la pena prescrita por la ley para un delito subsiguiente de escalamiento en primer grado.

*Por las razones expuestas, procede desestimar el recurso y confirmar la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.