EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MANUEL MORALES, acusado y apelante.

Núm. 9878.—*Sometido:* Abril 14, 1943. *Resuelto:* Mayo 7, 1943.

*A. Reyes Delgado* y *P. Santos Borges,* abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué acusado de un delito de adulteración de leche en grado de reincidencia. Hizo alegación de culpable y fué sentenciado a pagar una multa de $500 y a cumplir seis meses de cárcel. Basa su recurso en el error que imputa a la corte inferior al haberlo declarado convicto del delito en grado de reincidencia. Sostiene que la reincidencia no debe tenerse en cuenta en este caso y está conforme en que se le declare convicto del delito de adulteración de leche y se le imponga la pena correspondiente, es decir, una multa no menor de $25 ni mayor de $100. En apoyo de su contención arguye que la alegación de reincidencia es insuficiente (a) porque no suministra al acusado la necesaria información para preparar su defensa, y (b) porque no se expresa que la convicción anterior sea firme, pudiendo haber sido revocada o dejada sin efecto.

La alegación de reincidencia se expuso así:

"Se alega la reincidencia de Manuel Morales porque este acusado fué sentenciado por la Hon. Corte de Distrito de Arecibo, a pagar una multa de $25.00 el día 14 de octubre de 1937 en el caso Núm. 5370."

La suficiencia de la alegación de reincidencia no fué suscitada en la corte inferior. Por primera vez se levanta ahora en apelación. Como se dijo en *Pueblo* v. *Quirindongo,* 31 D.P.R. 642, la cuestión se promueve demasiado tarde para que prospere. El hecho de que el acusado hiciera alegación de culpabilidad no varía la situación. Esa circunstancia no lo coloca en posición más ventajosa que si hubiera hecho alegación de inocencia. Al leérsele la acusación tuvo la oportunidad de suscitar la cuestión y no lo hizo, sin que nadie se lo impidiera. Pero en la hipótesis de que pudiera suscitarla en esta etapa del proceso, tendríamos que sostener que la alegación de reincidencia suministró al acusado suficiente información para preparar su defensa, ya que le indicó la corte que lo sentenció, el número del caso, la sentencia impuesta

y su fecha, así como la naturaleza del delito. En el caso de Pueblo v. Toro, 32 D.P.R. 800, la alegación de reincidencia decía así:

" . . . El citado Luis Toro, quien es reincidente de este mismo delito, según sentencia firme de esta Corte, de fecha 13 de octubre de 1920 . . ."

Este tribunal, al sostener la suficiencia de la transcrita alegación, dijo:

"La acusación, a nuestro juicio, imputa con suficiente claridad y precisión la reincidencia. Reincidencia quiere decir 'reiteración de una misma culpa o defecto' y en nuestro actual sistema penal la materia está regulada por los artículos 56 al 61 del Código Penal que tratan de los 'delitos subsiguientes.' La reincidencia aquí es especial, y la acusación la imputa siguiendo el lenguaje del propio estatuto. Las palabras 'mismo delito' y la expresión de la corte que dictó la sentencia y de la fecha en que fué dictada, constituyen información bastante para que el acusado pueda preparar debidamente su defensa."

El hecho de que en la alegación en el caso de Pueblo v. Toro, supra, se usaron las palabras "de este mismo delito", no varía la situación, pues en el de autos se usa la palabra "reincidencia" que, conforme la define Escriche en su Diccionario de Legislación y Jurisprudencia, significa "la reiteración de una misma culpa o delito."

La segunda cuestión carece de méritos. La sentencia anterior dictada por la Corte de Distrito de Arecibo conlleva la presunción de válida. Artículo 464 del Código de Enjuiciamiento Civil, incisos 16 y 17. Si dicha sentencia fué posteriormente revocada o dejada sin efecto, es simplemente una cuestión de defensa y por consiguiente es al acusado y no al Fiscal a quien incumbe alegarla y probarla. State v. Findling (Minn. 1913) 144 N. W. 142, 144; State v. Vendetta (W. Va. 1920) 103 S. E. 53; Newsom v. State (Tex. 1938) 123 S. W. (2d) 887; Gragg v. Commonwealth (Ky. 1907) 104 S. W. 285.

Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.