CLEOFE TORRES FIGUEROA, peticionario y apelante, *v.* FÉLIX RIVERA, JEFE DE LA PENITENCIARÍA INSULAR, recurrido.

Núm. 9959.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 28, 1949.

*Benjamín Rodríguez Ramón* y *Santos P. Amadeo,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados del recurrido.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante se halla extinguiendo condenas de presidio por cinco delitos de Escalamiento subsiguientes. Alegando que dichas sentencias son ilegales, radicó en la corte inferior una petición de hábeas corpus que fué declarada sin lugar. Basa el presente recurso en que para que pueda dictarse sentencia por un delito subsiguiente, precisa que la convicción anterior sea por un delito igual o similar al cometido posteriormente; y que en el presente caso el delito anterior fué de tentativa de contra natura que no es igual ni similar a los de escalamiento de que fué convicto con posterioridad.

La proposición del apelante es insostenible. Si examinamos el artículo 56 del Código Penal(¹) que es decisivo de

---

(¹)El artículo 56 del Código Penal prescribe:

"Artículo 56.—El reo que, habiendo sido convicto de algún delito castigado con pena de presidio, cometiere cualquier delito, después de dicha convicción, tal reo será castigado por el subsiguiente delito según se especifica a continuación.

"1. Si el subsiguiente delito aparejare, en primera convicción, pena de presidio por un término de más de cinco años, dicho reo será castigado con pena de presidio por un término mínimo de diez años.

"2. Si el subsiguiente delito aparejare, en primera convicción, pena de presidio por un término de cinco años o menos, el reo de dicho subsiguiente delito será castigado con pena de presidio por un término máximo de diez años.

la cuestión planteada en el presente caso, inmediatamente advertiremos que no es necesario que el delito anterior y el subsiguiente sean iguales o de la misma naturaleza. Esta cuestión fué resuelta en *Pueblo* v. *Ruiz*, 60 D.P.R. 153.

El caso de *Pueblo* v. *Toro*, 32 D.P.R. 800, invocado por el apelante no es de aplicación. Allí se trataba de un delito de adulteración de leche en grado de reincidencia, con relación al cual el estatuto especial sobre la materia, en lo pertinente, prescribe:

"*Disponiéndose*, que la reincidencia en la adulteración, dilución, oferta o tenencia en venta, o venta de leche adulterada, aparejará para el culpable la pena de encarcelamiento de seis meses a un año, y la revocación de su licencia."

Las monografías que aparecen en 58 A.L.R. 30; 82 A.L.R. 354; 116 A.L.R. 216 y 139 A.L.R. 676, invocadas por el apelante, no dan luz alguna en este recurso, excepto en cuanto resumen casos en que el estatuto interpretado es igual o sustancialmente igual al nuestro, y en esos casos, el estatuto ha recibido la misma interpretación que este Tribunal ha dado al artículo 56 del Código Penal. Consúltense, a ese efecto, *People* v. *Raymond*, 96 N.Y. 38 (1884) resumido en 58 A.L.R. 32; *State* v. *Smith*, 273 Pac. 323 (Or. 1929) en 82 A.L.R. 355; *Ellis* v. *State*, 115 S.W. 2d 660 (Tex. 1938) en 116 A.L.R. 216 y *Stout* v. *State*, 155 S.W. 2d 374 (Tex. 1941) en 139 A.L.R. 676.

La improcedencia de las otras cuestiones suscitadas por el apelante es tan obvia, que no nos detendremos a discutirlas.

*Procede la confirmación de la sentencia apelada.*

---

"3. Si la subsiguiente convicción fuere de hurto de menor cuantía, o cualquiera tentativa de cometer un delito que de llevarse a cabo aparejaría pena de presidio por un término máximo de cinco años, el reo convicto de dicho subsiguiente delito, será castigado con pena de presidio por un término máximo de cinco años."