JOSÉ A. CASTRO GÓMEZ, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

*Número:* 12912    *Resuelto:* 28 de febrero de 1963

*Gilberto Cuevas Vélez,* letrado designado por el Tribunal Supremo para asistir al apelante en la tramitación de este recurso; *J. B. Fernández Badillo, Procurador General,* y *Jenaro Marchand, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: En 8 de diciembre de 1955 el apelante José Antonio Castro Gómez, también conocido como Flor Castro Andino, fue sentenciado a cumplir una pena de dieciocho meses de cárcel por el delito de escalamiento en segundo grado. Doce días después, en 20 de diciembre, se le sentenció a cumplir una pena indeterminada de uno a cuatro años de presidio por el delito de escalamiento en primer grado. En 18 de junio de 1958 le fue concedida la libertad bajo palabra hasta la expiración del balance del término de ambas sentencias, haciéndose constar que las mismas quedarían totalmente extinguidas en 7 de septiembre de 1960.

Cuando aún no habían transcurrido dos meses de encontrarse disfrutando de la libertad bajo palabra se le acusó de la comisión de un delito de hurto mayor subsiguiente y de dos delitos de hurto menor subsiguiente por hechos realizados durante los últimos días del mes de agosto de 1958. Se alegó como elemento para el grado subsiguiente la convicción anterior por el delito grave de escalamiento en primer grado. Fue juzgado y convicto por los tres delitos mencionados, y se le sentenció a penas indeterminadas de presidio de 10 a 15 años, 2 a 5 años y 2 a 5 años.

■ Presentó un recurso de hábeas corpus para impugnar estas últimas sentencias. El planteamiento principal[1] se reduce a sostener que no podía acusársele de delito subsiguiente ya que a la fecha en que cometió los hechos delictivos que han dado margen a su convicción y reclusión actual no había extinguido totalmente la sentencia en que se funda la alegación sobre subsecuencia, por encontrarse entonces dis-

---

[1] Se alegó también que no había tenido adecuada asistencia de abogado, pero no se presentó prueba alguna sobre este extremo durante la vista del recurso. También se insinuó que la sentencia anterior era nula por falta de jurisdicción fundada en la minoridad del apelante a la fecha en que se cometió el delito de escalamiento en primer grado. Sin embargo, esta alegación no sólo no fue sustanciada sino que de un informe que obra en autos aparece que era mayor de edad cuando se le sentenció por primera vez.

frutando de libertad bajo palabra. El tribunal de instancia declaró sin lugar la petición.

■ El Art. 56 del Código Penal, ed. 1937, 33 L.P.R.A. sec. 131, dispone que el reo que *"habiendo sido convicto de algún delito castigado con pena de presidio, cometiere cualquier delito, después de dicha convicción,"* se le castigará por el delito subsiguiente en la forma que .allí se determina y que es más onerosa que si se tratara de una primera convicción. (Subrayado nuestro.) Convicto, según el Diccionario de la Real Academia Española, 8a. ed., pág. 362, se define en la siguiente forma: "se dice del reo a quien legalmente se ha probado un delito aunque no lo haya confesado." Como indica el Procurador General, en un sentido estrictamente legal, quiere decir que se ha dictado sentencia contra el acusado basada en un veredicto de culpabilidad rendido por un jurado o por el juez, según sea el caso, o cuando el acusado se declara culpable. No se requiere, pues, que se haya extinguido la pena impuesta. Cfr. *Pueblo* v. *Cancio*, 53 D.P.R. 547 (1938); *Pueblo* v. *Morales*, 61 D.P.R. 902 (1943).

El Art. 56 mencionado es una traducción literal del 666 del Código Penal de California de 1872, Deering's, *Penal Code Annotated of the State of California*, ed. 1961, pág. 491. Es altamente revelador que en 1909 este artículo se enmendó para exigir no sólo que el reo hubiese sido convicto de un delito grave, sino que específicamente hubiese cumplido la sentencia, y en 1957, o que hubiese sido encarcelado como una condición previa para una sentencia suspendida.

■ Finalmente, si la contención del apelante es que la libertad bajo palabra tuvo el efecto de borrar los efectos de su convicción anterior, baste referirle a lo resuelto en *Emanuelli* v. *Tribl. de Distrito*, 74 D.P.R. 541 (1953), en donde indicamos que la libertad bajo palabra no es más que una

forma de cumplir la sentencia impuesta fuera de los límites de la prisión.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Humacao, en 22 de septiembre de 1959.*