EL PUEBLO DE PUERTO RICO, demandante y apelado, v. JUAN E. VENEGAS TRINIDAD, acusado y apelante.

*Número:* CR-71-135      *Resuelto:* 10 de noviembre de 1972

*Enrique Miranda Merced* y *Fernando Gierbolini Borelli,* abogados
del apelante; *Gilberto Gierbolini, Procurador General,* y *Peter
Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Mientras cumplía una sentencia por hurto
mayor en la penitenciaría estatal, el apelante fue acusado
por dos infracciones a la Ley de Narcóticos de Puerto Rico
(24 L.P.R.A. sec. 974z).(1) Hallado culpable y habiendo
aceptado el hecho de la convicción anterior, fue sentenciado
por dichas dos violaciones a la Ley de Narcóticos en grado
subsiguiente conforme a lo dispuesto por el Art. 56 del Código
Penal, 33 L.P.R.A. sec. 131, que trata de la comisión de un
delito después de la convicción de otro.

Señala el apelante como único error que "erró el Honorable
Tribunal al sentenciar al acusado-apelante en grado subsi-
guiente a pesar de que el artículo 56 del Código Penal no era
aplicable a su caso."

Su argumentación está predicada en que la Ley de Nar-
cóticos contiene disposiciones en cuanto a delitos subsiguientes
que hace inaplicable el Art. 56 del Código Penal. En otras
palabras, que no procede el castigo en grado subsiguiente si
el delito anterior no constituía una violación a la Ley de Nar-
cóticos. Se refiere específicamente al Art. 40 de la Ley de
Narcóticos (24 L.P.R.A. sec. 975d) (2) que reza como sigue:

---

(1) El juicio y la sentencia en este caso tuvieron lugar con anterioridad
a la fecha de vigencia de la nueva Ley de Sustancias Controladas.

(2) La Sec. 975d fue derogada por la Ley Núm. 4 de 23 de junio de
1971 conocida como Ley de Sustancias Controladas (24 L.P.R.A. sec. 2101
y siguientes); cláusula derogatoria 24 L.P.R.A. sec. 2601.

"§ 975. *Grado subsiguiente*

"Todo delito cometido por violar las disposiciones de este Capítulo será en grado subsiguiente cuando el acusado haya sido previamente convicto por violar cualesquiera de las disposiciones de este Capítulo o de las leyes que por este Capítulo se derogan, así como de las leyes sobre narcóticos de los Estados Unidos o sus estados y territorios."

El apelante señala, sin invocar autoridad alguna, que la citada disposición de la Ley de Narcóticos implica que solamente se aplica el grado de subsiguiente a un acusado por infracción a dicha ley siempre y cuando que aquél haya sido anteriormente convicto por otra infracción a las Leyes de Narcóticos de Puerto Rico o a las leyes de narcóticos de los Estados Unidos o de sus estados y territorios.

■ Hemos resuelto que el Art. 56 del Código Penal sobre delitos subsiguientes es aplicable aunque el delito anterior y el subsiguiente no sean iguales o de la misma naturaleza. *Torres* v. *Rivera,* 70 D.P.R. 602 (1949); *Pueblo* v. *Ruiz,* 60 D.P.R. 153 (1942).

■ Es evidente que al aprobar la Sec. 975d el legislador quiso crear un tipo de reincidencia especial para el caso de que un acusado fuera condenado en más de una ocasión por infringir las leyes de drogas y narcóticos, bien fueren las de Puerto Rico o las de los Estados Unidos y sus territorios. Para tales casos la Ley de Narcóticos (24 L.P.R.A. sec. 974dd) establece penalidades especiales que podrían resultar mayores que las dispuestas en el ya mencionado Art. 56 del Código Penal. En otras palabras, la penalidad de reincidencia de la Ley de Narcóticos se aplica con exclusividad si la misma persona resultare convicta en dos ocasiones por infracciones a las leyes de narcóticos.

■ Por otro lado, la Sec. 975d de la Ley de Narcóticos no excluye la posibilidad de que una infracción a la Ley de Narcóticos fuese castigada como subsiguiente cuando el acusado ha cometido anteriormente otro delito no cubierto por dicha

ley, tal y como ocurrió en el caso de autos en el que el apelante había sido convicto por el delito de hurto mayor. Véase *Acosta Linares* v. *Jefe Penitenciaría*, 96 D.P.R. 407, 413 (1968) en donde rechazamos una contención parecida a la presente en relación con el delito de fuga.

Concluimos que no existe conflicto alguno entre lo dispuesto por el Art. 56 del Código Penal y por la Sec. 975d de la anterior Ley de Narcóticos de Puerto Rico. El análisis que precede revela que ambas disposiciones son compatibles.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en este caso el 16 de octubre de 1970.*

