EL PUEBLO, DEMANDANTE Y APELADO, *v.* AMORÓS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en causa por infracción a la Ley de Arbitrios.

No. 2004.—Resuelto en febrero 15, 1923.

JURISDICCIÓN—LUGAR DONDE SE COMETE EL DELITO—PRUEBA.—Aunque no es necesario que se demuestre la jurisdicción mediante prueba directa y positiva, siendo bastante la de indicios para determinar el lugar en que se comete el delito, dicha prueba, sin embargo, deberá ser clara y convincente para que pueda servir de base a una sentencia condenatoria.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. M. A. Martínez.*
Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El apelante fué primeramente declarado culpable en la

corte municipal y después en la de Distrito, por un delito que se alegó haberse cometido dentro del distrito municipal de Guayama.

La teoría del segundo señalamiento de error es que no hubo prueba del lugar donde ocurrió el hecho.

Sobre este punto se nos afirmó en el alegato del gobierno que la prueba demostraría que todos los testigos son residentes de Guayama, que un policía insular que compareció como testigo se encontraba de servicio en Guayama, y que además de todo esto, ciertos pormenores de la prueba revelarían que el delito fué cometido en Guayama.

Verdad es que el policía, al celebrarse el juicio en la corte de distrito, más de un año después de la fecha que se alega en la denuncia y menciona en su declaración, dijo, usando el tiempo presente, que se encontraba de servicio en Guayama; pero no expresó cuánto tiempo había estado destacado en Guayama, ni que se encontraba de servicio en Guayama al ocurrir el hecho que ha referido. No hubo ningún otro testigo por parte de la acusación ni nada más preciso en la declaración del policía sobre el punto relativo al lugar en que se cometió el delito.

El acusado fué a declarar, pero por inadvertencia o algún otro motivo, no hizo referencia alguna a la situación geográfica de su domicilio.

Otro testigo manifiesta que vivía en la calle de Hostos y que el acusado era su vecino, pero dejó de nombrar el pueblo.

El próximo y último testigo llega a decir que vive en Guayama, y en el interrogatorio de repreguntas explica que acostumbraba visitar la casa del acusado porque eran vecinos. Esto, por supuesto, no quiere necesariamnete decir que el testigo vivía dentro de los límites urbanos, o en el propio pueblo, ni que el acusado residía dentro de la demarcación geográfica del municipio.

Si existen otros pormenores más significativos, se han

escapado a nuestra atención, apesar de la lectura razonablemente cuidadosa que hemos hecho de la prueba.

Como se indica en el caso de *El Pueblo* v. *Llabrés,* 29 D. P. R. página 749, y en el párrafo del autor *Underhill,* sobre evidencia criminal, citado en dicho caso:

"El lugar del delito no es necesario que se establezca por prueba directa y positiva.—Es suficiente si puede inferirse razonablemente de los hechos y circunstancias que han sido probados y que están envueltos en el acto criminal. Es bastante si de las circunstancias puede inferirse por el jurado que el delito fué cometido en el condado alegado en la acusación."

Pero en el caso de Llabrés, como revela la opinión, las circunstancias fueron tales y tan numerosas, que hay poco o ningún motivo para cualquier duda razonable de que el delito en efecto fué cometido dentro de la jurisdicción. Y deba o no disiparse toda esa duda, el acusado por lo menos tiene derecho a que la prueba sea clara y convincente en este punto.

En el tomo 1, sección 384, de *Bishop,* Nuevo Procedimiento Criminal, encontramos la siguiente declaración, que es algo conservadora:

"Como en otras cuestiones (*issues*), no se requiere que la prueba se presente en las palabras de la acusación; es bastante cualquier prueba corriente que en efecto lleve al jurado a la conclusión, como tal vez se cree generalmente, más allá de una duda razonable. Hay alguna autoridad para decir que la doctrina de duda razonable no alcanza a esta cuestión que solamente es jurisdiccional; pero la razón de la doctrina parece abarcarla razonablemente y la cuestión por lo menos merece una detenida consideración."

En el presente caso el testigo a que hemos hecho referencia últimamente, fija su residencia en Guayama hacia la fecha del juicio y no dice exactamente ni siquiera que vivía en Guayama al cometerse el delito. La inferencia de tal declaración de que el acusado vivió en Guayama por más de un año con anterioridad a la fecha del juicio es enteramente demasiado remota e indeterminada para sostener una condena.

La prueba del lugar del delito en la mayoría de los casos, si no en todos, es muy simple, y no envuelve gran dificultad. Pero aunque así no fuere, a falta de tal prueba, no debe ser declarado culpable el acusado. En cuestiones como ésta ha de establecerse de algún modo el límite y no deben los fiscales confiar enteramente en que esta corte confirme toda sentencia en caso criminal, sin tener en cuenta la forma en que se ha celebrado el juicio, por el solo hecho de demostrarse que el acusado ha cometido un delito.

La sentencia apelada debe ser revocada.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.