EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DOMINGO CANALES (*a*) LA BOA, acusado y apelante.

No. 2366.—*Visto:* Enero 13, 1925.  *Resuelto:* Junio 24, 1925.

DERECHO PENAL—JURISDICCIÓN—JURISDICCIÓN DEL DELITO SEGÚN EL SITIO EN QUE SE COMETE—LÍNEA DIVISORIA DE DOS DISTRITOS JUDICIALES.—Cuando un delito se comete en la carretera central, línea divisoria de los dos distritos judiciales de San Juan, la jurisdicción de la corte en que el delito se juzgue debe establecerse por prueba del sitio en que se cometió con referencia a dicha línea divisoria; la jurisdicción del tribunal no queda establecida por la simple inferencia que se haga en cuanto a que el delito se cometió en determinada parada de la carretera, ya que la referencia a una parada sugiere la vecindad inmediata a ambos lados de la misma.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), condenando al acusado a la pena capital por delito de asesinato en primer grado. *Revocada.*

*R. Rivera Zayas* y *C. del Toro Fernández,* abogados del acusado; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El acusado fué declarado culpable de un delito de asesinato en primer grado y alega que no hubo prueba de la jurisdicción de la corte.

El artículo 8 del Código de Enjuiciamiento Criminal prescribe que:

"La jurisdicción correspondiente a los delitos radica en la Corte de Distrito del respectivo distrito judicial dentro del cual se cometieren."

De todo el barrio de Santurce, del municipio de San Juan, la línea divisoria de los dos distritos judiciales aquí envueltos es una parte de la carretera insular que conduce de San Juan a Ponce, conocida por Avenida de Ponce de León. En el presente caso, para establecerse la jurisdicción de la corte donde el caso fué juzgado, era necesario que la acusación probara que el delito había sido cometido al lado sur de la avenida. Toda la prueba acerca de este punto, según resulta de los autos y ha sido presentada por el fiscal de esta corte en su alegato, es como sigue:

"Pedro González, al comienzo de su declaración, fué preguntado en el interrogatorio directo y contestó lo siguiente:

" '¿En qué se ocupaba Ud. para el mes de agosto? Guardia de un garage.—¿De qué garage? Del garage de la 17.—¿Ese garage de la 17 está en qué sitio?—En los altos de la fábrica de mosaicos.'

"Isaac Ramos declaró:

" 'Allá por los primeros días del mes de agosto de este año pasado, ¿dónde vivía Ud?—En la misma carretera, 121.—¿Trabajaba en alguna parte entonces?—Allí mismo, en la fábrica de mosaicos.—¿Dónde es eso?—En la 17.—¿En qué parte es eso?—En los bajos del garage en Santurce.'

"Ramón Ayala declaró:

" 'Allá por los primeros días del mes de agosto, ¿en qué se ocupaba Ud?—Trabajando de aprendiz en la fábrica de Jiménez.—¿Fábrica de qué?—De mosaicos.—¿Dónde está esa fábrica?—Situada en la parada 17.'

"Guillermo Velázquez declaró:

" '¿Dónde trabajaba Ud. entonces?—En la fábrica de mosaicos. —¿Dónde es esa fábrica?—Parada 17, en los bajos del garage Santurce.'

"El acusado Domingo Canales, quien declara en los autos, dijo lo siguiente:

" 'El 6 de agosto del año pasado, ¿dónde trabajaba?—En la fábrica de Emilio Jiménez del Valle, en la parada 17, en los bajos del garage de automóviles.' "

De aquí colegimos que el garage está sobre una fábrica de mosaicos, que ésta queda debajo del garage, y ambos están situados en los alrededores de la parada 17. Y en estas circunstancias se nos pide que tomemos conocimiento judicial del hecho de que en la parada 17 el tranvía está al lado sur de la Avenida de Ponce de León, que las paradas están marcadas en los postes de la compañía del carro eléctrico, y por tanto, que el garage y fábrica en cuestión se encuentran al mismo lado de la calle. Pero la conclusión citada en último lugar no es una clara inferencia (*non sequitur*).

Cuando en una conversación se hace referencia a las paradas, para poder identificar el sitio de un determinado edificio, si es una residencia o un sitio de negocio, por lo general no se distinguen como que indican sólo el lado de la calle en el cual están colocadas las tablillas de las paradas; sino que sugieren más bien la vecindad inmediata en ambos lados de la carretera. La escuela Barbosa en la parada 4 de Puerta de Tierra está tan propia y exactamente identificada cuando así se le llama como podría estarlo cualquiera de los edificios en las esquinas al lado de la avenida, y en relación uno con el otro en lados opuestos de la calle transversal.

Si la prueba mostrara que el delito había sido cometido en la estación de correos de Puerta de Tierra, o en la escuela Labra, o hasta en el Union Club o en la casa apartamientos de Miramar, entonces podríamos tal vez asumir que

el jurado estuvo suficientemente informado en cuanto al sitio de cualquiera de estos edificios más o menos públicos, y negarnos a declarar que no había sido establecida la jurisdicción. Pero no tenemos más derecho para asumir que la fábrica de mosaicos y el garage en la parada 17 están al sur y no al lado norte de la avenida, y que el jurado conocía este hecho, que el que tendríamos para asumir que un delito cometido en cualquier café salón de billar, salón de baile, u otro sitio de recreo o de negocio, o morada particular, mencionados por los testigos sin referencia al lugar, sin alguna indicación de la vecindad general de una línea divisoria entre dos distritos judiciales, fué cometido dentro del distrito donde el caso fué juzgado.

Es algo sorprendente que el fiscal hubiera hecho tantas preguntas como las que aquí se hicieron con respecto al sitio general del garage y fábrica de mosaicos, sin exigirse a ningún testigo que determinara el lugar del crimen con relación a la carretera. Y a no ser por el hecho de que la verdad es tan a menudo "más extraña que la ficción," parecería increíble que esto hubiera ocurrido más de un año después del aviso específico contenido en el caso de *El Pueblo* v. *Amorós,* 31 D.P.R. 506, en el cual, anticipándonos y tratando de eludir la posibilidad de tener que revocar una sentencia condenatoria en algún caso de más importancia que el que entonces considerábamos, dijimos:

"En cuestiones como ésta ha de establecerse de algún modo el límite y no deben los fiscales confiar enteramente en que esta corte confirme toda sentencia en caso criminal, sin tener en cuenta la forma en que se ha celebrado el juicio, por el solo hecho de demostrarse que el acusado ha cometido un delito."

Los demás errores alegados envuelven instrucciones dadas al jurado y, en tanto merecen seria consideración, si acaso, pueden evitarse en un nuevo juicio.

*Debe revocarse la sentencia apelada.*