EL PUEBLO DE PUERTO RICO, peticionario, *v.* LA CORTE DE DISTRITO DE ARECIBO, HON. LUIS SAMALEA IGLESIAS, JUEZ, demandada.

No. 707.—*Sometido:* Abril 2, 1930. *Resuelto:* Abril 25, 1930.

*R. A. Gómez, Fiscal del Supremo, y B. Guerra Mondragón, Fiscal en comisión de la Corte de Distrito de Arecibo, abogados de El Pueblo, peticionario.*

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Si bien esta solicitud ha sido presentada en una causa criminal, los principios generales de *certiorari* son aplicables a ella. La corte inferior, después de haber El Pueblo cerrado su caso, no concedió la moción presentada por el fiscal solicitando la reapertura del mismo para que se admitiera prueba tendente a demostrar que los hechos imputados habían ocurrido dentro de la jurisdicción de la corte. Esto fué a lo sumo un abuso de discreción, pero no un error de procedimiento. El recurso de *certiorari* no procede. El fiscal cita copiosa jurisprudencia sobre la cuestión de discreción, pero muy poca o ninguna para establecer nuestra facultad para librar este auto extraordinario. No presenta diferencia práctica alguna el que el acusado sometiera el caso sin presentar prueba antes o después de la moción del gobierno.

Si entrásemos en el campo de la discreción, dudamos que sea éste un caso tal que justifique a este tribunal en revocar la actuación de la corte inferior. La misma jurisprudencia francamente citádanos por El Pueblo tiende

a demostrar que un tribunal de revisión raras veces intervendrá en la discreción de una corte sentenciadora al negarse a abrir un caso de nuevo. La mayoría de las decisiones tienden a demostrar que la discreción que una corte tiene para reabrir un caso será sostenida cuando los hechos lo justifiquen. Por ejemplo, *People* v. *Wong Hing,* 151 Pac. 1159–1161. En el presente caso no tenemos ante nos otra cosa que el mero hecho de que la corte inferior, al serle presentada una moción al efecto, se negó a reabrir un caso. Como es de admitirse que dicha corte tenía discreción, debió haberse presentado a ambas cortes algún motivo en adición a la inadvertencia. Tal vez en un caso adecuado, no en un recurso de *certiorari,* deba presentarse algo así como la probabilidad de obtener una convicción. En un recurso de *certiorari* los autos hablan por sí mismos. En los casos de *El Pueblo* v. *Canales,* 34 D.P.R. 394, y *El Pueblo* v. *Martínez,* 35 D.P.R. 52, citados por la corte inferior, revocamos las sentencias y absolvimos a los acusados por no haberse establecido el lugar donde se cometió el delito (*venue*). En el primero de esos casos comentamos severamente la omisión de los funcionarios del gobierno de probar elementol tan esencial. La corte inferior, entre otros motivos, pudo haber creído que había poca razón para que El Pueblo no estuviese preparado sobre extremo de tamaña importancia.

· · En el caso de *State* v. *Martin* (Mississippi), 59 So. 7, 8, la corte revocó por haberse dejado de abrir un caso de nuevo y permitir que se probara el lugar en que se perpetró el delito. Si bien hasta ahora la práctica en Puerto Rico es distinta, sin embargo, debe notarse que dicho caso llegó a la corte de apelaciones mediante apelación. En Puerto Rico no existe el derecho de apelar contra una sentencia absolutoria. Exista o no ese derecho, el recurso de *certiorari* no puede desempeñar los fines de una apelación. La actuación de la corte inferior, de ser revisable en forma alguna, debió serlo mediante apelación.

El peticionario alega que la forma de la sentencia en

este caso fué errónea, y hasta que la misma fué dictada sin jurisdicción. Después de considerar los hechos y la ley, el juez se declaró sin jurisdicción y ordenó el archivo y sobreseimiento del caso. Tal vez hubiese sido mejor que la sentencia decretase la absolución de los acusados por haber El Pueblo dejado de probar la jurisdicción, pero resolvemos que la actuación de la corte inferior equivalió a esto. En el análisis final, la situación sólo envolvería la enmienda de la sentencia, lo que no podría favorecer al gobierno en la apertura del caso.

Existe otra razón fundamental por la que no debemos librar este auto de *certiorari*. La actuación de la corte equivalió, en efecto o directamente, a una absolución. Luego, bajo nuestro sistema de derecho, no hay medio alguno de someter a los acusados a otro juicio por este delito.

*Se deniega el auto solicitado.*