EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO CARRILLO, acusado y apelante.

Núm. 6350.—*Sometido:* Abril 13, 1937.  *Resuelto:* Abril 22, 1937.

*Eugenio V. Iglesias la Cruz* y *Francisco Susoni, Jr.,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Se trata de una acusación contra Francisco Carrillo por un delito de portar armas, formulada así:

" . . . . . allá por el día 10 de enero, 1936, y en Río Grande, P. R., que forma parte del Distrito Judicial de San Juan, P. R., ilegal, voluntaria y maliciosamente portaba sobre su persona con fines de ofensa y defensa un revólver que es un arma mortífera con la cual allí y entonces podía causarse grave daño corporal. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico.''

Oída la prueba de cargo y de descargo, dictó sentencia la Corte de Distrito de San Juan declarando al acusado culpa-

ble del delito que se le imputaba y condenándole a cumplir treinta días de cárcel, sin costas. Apeló para ante este tribunal, y señala los siguientes tres errores:

1. Que la corte carecía de jurisdicción para condenarle, por cuanto no se probó el lugar en que se cometió el delito.

2. Abuso de discreción y error en la apreciación de la prueba.

3. Que no se identificó el arma.

El segundo y tercer error pueden ser considerados conjuntamente; el primero lo trataremos separadamente. Veamos lo que declararon los testigos en relación con el mismo. Adolfo Díaz, testigo de cargo, declaró a preguntas del fiscal, como sigue:

"P. ¿Cómo se llama?

"R. Adolfo Díaz.

"P. ¿Estaba en Río Grande en la fecha ésta a que se refiere Álamo el día 10 de enero de 1936?

"R. Sí, señor.

"P. ¿Le vió algo al acusado en las manos?

"R. Sí, señor, un revólver.

"P. ¿Qué hacía él con ese revólver?

"R. Convidaba a Álamo; le decía: 'Véngase a los puños o a los tiros' ''.

Eulalio Rodríguez, testigo del acusado, declaró a preguntas de la defensa lo que sigue:

"P. ¿Cómo se llama?

"R. Eulalio Rodríguez.

"P. ¿Dónde vive?

"R. Aplmer (sic), Río Grande.

"P. Para el 10 de enero, 1936, ¿dónde se encontraba usted?

"R. En esa fecha salía yo con mi señora en un carro y otra familia. Iba Manuel Figueroa y este muchacho y otro amigo y salieron de el pueblo para Mameyes y el señor Álamo dice: 'Aquí va este charlatán.'

. . . . . . . . . . .

"P. ¿Y el acusado Carrillo, qué intervención tuvo en ese asunto?

"R. El venía en la parte afuera del carro y se bajó también y se bajó Figueroa. El se bajó en la misma actitud del otro a inter-

venir pero ya el guardia Nazario nos había separado que nos fué-ramos.''

De acuerdo con esas declaraciones, el fiscal probó que el delito se cometió en Río Grande. El testimonio de sus testigos revela que fué muy cerca del zaguán de la casa ocupada por la corte de dicho pueblo. No se cometió el primer error. Sin embargo, pudo ser más clara y convincente esa prueba, por lo que debe aquí reproducirse lo dicho en *El Pueblo* v. *Amorós,* 31 D.P.R. 506, y más tarde en *El Pueblo* v. *Canales (a) La Boa,* 34 D.P.R. 394, 397, a saber:

'' ....y no deben los fiscales confiar enteramente en que esta corte confirme toda sentencia en caso criminal, sin tener en cuenta la forma en que se ha celebrado el juicio por el solo hecho de demostrarse que el acusado ha cometido un delito.''

■■ No se cometieron tampoco los errores segundo y tercero. Agustín Álamo, testigo de El Pueblo, contestó a preguntas del fiscal que estaba seguro de que el acusado tenía en la mano un revólver; a preguntas de la defensa contestó que el revólver era negro; que vió de él la parte que el acusado no tenía en la mano (el cañón); que ''era un revólver'' y no ''cualquier otra cosa que tuviera la forma de un revólver.'' Por último, al preguntarle la defensa si él ''vió una cosa en forma de revólver,'' contestó: ''No, yo vi un revólver.'' Adolfo Díaz, el otro testigo del fiscal, también declaró al fiscal y a la defensa que le vió al acusado un revólver.

No erró la corte, pues, ni al apreciar la prueba ni al declarar que el arma quedó identificada. No era necesario que se presentara el arma en evidencia. *El Pueblo* v. *Cartagena,* 37 D.P.R. 281; *El Pueblo* v. *Álvarez Pesante,* 50 D.P.R. 104. Tampoco podemos decir que hubo abuso de discreción.

*La sentencia apelada debe ser confirmada.*