EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SANTIAGO RUPIZÁ, acusado y apelante.

Núms. 15089-90.—*Sometidos:* Julio 2, 1951. *Resueltos:* Julio 5, 1951.

*E. Alcaraz Casablanca,* abogado del apelante; *Hon. Procurador General Víctor Gutiérrez Franqui* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Santiago Rupizá fué acusado de portar ilegalmente y de no tener inscrita una pistola. Ambos casos fueron vistos conjuntamente. Declarado culpable y sentenciado a sufrir seis meses y dos años de cárcel, respectivamente, apeló para ante nos. Sostiene que la prueba es insuficiente, por no existir una descripción clara y suficiente del arma que se supone portaba, y que la corte inferior erró al decidir que no existía incongruencia entre la acusación y la prueba.

En las acusaciones se hace mención a una pistola. No obstante, los testigos Juan Valentín Cruz y Confesor Olán Guzmán declararon que allá para el 31 de octubre de 1950 el acusado pasaba por un camino que atraviesa la finca de Fernando Muñoz McCormick; que al verlo pasar y notarle un bulto en el bolsillo le preguntó Cruz: "¿Qué tú llevas ahí?" y el acusado le contestó "un revólver"; que entonces Cruz le dijo: "Si tú no matas ni un mime," replicándole el acusado "Vente de frente a ver. Tráeme un guardia y vente de frente a ver," sacándose entonces un revólver del bolsillo, apuntándole con el mismo a Cruz y diciéndoles finalmente que dejaran de trabajar y que se fueran con él para la revolución. Declararon además que vieron que se trataba de un revólver negro, con cañón largo. En la repregunta manifestó uno de ellos que sabe que se trataba de un revólver, pero que no podía decir el calibre del mismo ni si estaba cargado o no, como tampoco el color de sus chapas, ni si tenía balas o la diferencia existente entre un revólver y una pistola. Sabía este testigo, sin embargo, que el revólver es más grande y que ambas armas sirven para matar. Declarada sin lugar una moción de *nonsuit* el acusado no ofreció prueba de clase alguna.

██ Cuando en casos como el presente el arma no es ocupada, la prueba del ministerio público debe ser clara y convincente. A nuestro juicio en este caso lo fué, ya que los dos testigos presentados por El Pueblo dijeron de manera terminante que vieron al acusado portando un revólver por un camino que atraviesa una finca perteneciente a otra persona. El hecho de que no pudieran indicar la diferencia existente entre un revólver y una pistola, el color de sus chapas o el calibre del mismo, no era óbice para que la portación ilegal del arma quedara demostrada.

██ Aunque en la acusación se hace referencia a una pistola y los testigos de El Pueblo se refirieron a un revólver, la incongruencia no resulta fatal. La Ley 14 de 25 de

junio de 1924 (Ses. Ext., pág. 115), según ha sido enmendada, castiga la portación o conducción de *cualquier arma* o instrumento .con el cual pueda causarse daño corporal; y la Ley 14 de 8 de julio de 1936 (pág. 129), según fué enmendada por la núm. 44 de 27 de septiembre de 1949 (Ses. Ext., pág. 97), dispone que "Toda persona que tenga en su poder, por cualquier concepto, *cualquier arma de fuego*, . . . tiene la obligación de declararlo así por escrito al jefe de la Policía del Distrito donde resida." (Bastardillas nuestras.) Tanto el revólver como la pistola son armas de fuego con las cuales puede causarse daño corporal, y aunque corrientemente existe diferencia entre uno y otro en la, práctica (y según el léxico([1])) apenas hay diferencia entre ellas, sirviendo ambos para el mismo objeto. No vemos en verdad en qué pudo perjudicar la incongruencia al apelante. *Cf. Pueblo* v. *Robert,* 60 D.P.R. 837; *Pueblo* v. *Rodríguez,* 35 D.P.R. 276; *State* v. *Nyhus,* 222 N.W. 925.

■ También alega el acusado que el tribunal inferior erró al declarar probado que para la fecha en que se cometieron los hechos él tenía en su posesión un arma que no había declarado por escrito al jefe de la policía del pueblo donde reside. Este error carece de méritos. Al iniciarse el juicio las partes estipularon no sólo que ambos casos se vieran conjuntamente, si que también que el acusado no tenía ningún arma inscrita en Mayagüez, pueblo de su residencia. Al discutir este error el acusado arguyé que existe diferencia entre no tener un arma inscrita y no haberla declarado. A los fines de la Ley 14 de 1936, supra, resolvemos que ambas frases tienen el mismo alcance, especialmente cuando para inscribir un arma de fuego es indispensable que el poseedor de la misma previamente declare por escrito que

---

([1]) Según el Diccionario de la Lengua Española, Real Academia Española, Décimoséptima Edición, 1947, pág. 1105, la palabra "revólver" significa: Pistola de varios cañones o de un solo cañón y un cilindro giratorio con varias recámaras.

la posee.   De hacerse tal declaración surge la presunción de que el Jefe de la Policía del Distrito ha cumplido con su deber. (²)    Véanse *Pueblo* v. *Piñero*, 68 D.P.R. 609; *Pueblo* v. *Avilés*, 54 D.P.R. 272.

*Deben confirmarse las sentencias apeladas.*

(²) El artículo 102 de la Ley de Evidencia en su inciso 15 provee:
"......
"15. Que los deberes de un cargo han sido cumplidos con regularidad."