EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BENIGNO PACHECO RUIZ, c/p EL DOCTOR, acusado y apelante.

Número 15854.

*Sometido:* 1 de febrero de 1955. *Resuelto:* 28 de febrero de 1955.

---

*Benigno Pacheco Ruiz*, por propio derecho; *Hon. Secretario de Justicia José Trías Monge* y *Ramón Olivo Nieves, Fiscal Especial, Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Benigno Pacheco Ruiz fué acusado de portar un revólver sin tener licencia para ello, en violación del art. 7 de la "Ley de Armas de Puerto Rico." (¹) En acusación separada también se le imputó haber infringido el art. 6 de la misma ley, por la posesión ilegal de dicho revólver. (²) Ambas acusaciones surgieron de los mismos hechos e imputaban delitos graves debido a que, según se alegó en ellas, el acusado había sido convicto previamente de dos delitos de escalamiento en primer grado por el antiguo Tribunal de Distrito de Mayagüez y de un delito de hurto de mayor cuantía por el extinto Tribunal de Distrito de Humacao. Ambos casos se vieron conjuntamente por tribunal de derecho ante el Tribunal Superior de Puerto Rico, Sala de Ponce, por haber el acusado renunciado a que se vieran ante jurado. El tribunal declaró culpable al acusado en los dos casos y lo sentenció a cumplir de dos a tres años de presidio en cada uno de ellos, debiendo ser cumplidas las penas concurrentemente.

El acusado apeló de ambas sentencias y en apoyo de sus

---

(¹) El art. 7 de la Ley 17 de 19 de enero de 1951 (Sesión extraordinaria, pág. 427) dispone:

"Toda persona que porte, conduzca o transporte cualquier pistola, revólver u otra arma de fuego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave *(misdemeanor)*, y si ha sido convicta con anterioridad de cualquier infracción a esta Ley o de cualquiera de los delitos especificados en el artículo 17 de la misma, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave *(felony)*."

(²) El art. 6 de dicha ley prescribe:

"Toda persona que tenga o posea cualquier pistola, revólver u otra arma de fuego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave *(misdemeanor)*, y si ha sido convicta con anterioridad de cualquier infracción a esta Ley o de cualquiera de los delitos especificados en el artículo 17 de la misma, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave *(felony)*."

recursos ha radicado un escrito que intitula "Moción de Alegatos." Resulta harto difícil determinar con exactitud los errores específicos que interesa señalar. Sin embargo, una repetida lectura de ese escrito nos hace convenir con el ministerio público en que el propósito del apelante ha sido imputar al tribunal a quo los siguientes errores: (1) el aceptar las certificaciones ofrecidas por el fiscal para probar las anteriores convicciones del acusado; (2) el declararle culpable sin haber tenido una debida asistencia de abogado; (3) el aceptar como testigo a Eligio Rodríguez Torres y al darle crédito a su testimonio; (4) el darle crédito asimismo a la declaración de Bernardo Colón; (5) el dictar sentencia basada en prueba insuficiente; (6) el declararlo culpable de los delitos imputádosle ya que anteriormente había sido convicto de los mismos delitos y (7) que la sentencia es nula por haber actuado el juez sentenciador movido por pasión, prejuicio y parcialidad. Pasaremos a discutirlos en seguida.

En el curso del juicio el fiscal ofreció en evidencia copias certificadas de las acusaciones, sentencias y minutas del respectivo tribunal sentenciador en los casos que dieron lugar a las convicciones por escalamiento y hurto mayor. La defensa se opuso a la admisión de esos documentos. En cuanto al caso de hurto mayor su contención fué que los documentos relacionados con el mismo no debían admitirse en evidencia porque de ellos no se desprendía que la sentencia dictada en su contra no hubiera sido apelada y además porque se le privaba de su derecho a repreguntar al custodio de dichos documentos. En lo que a las certificaciones relacionadas con los casos de escalamiento se refería, la defensa alegó que no eran admisibles en evidencia porque de ellas se desprendía que el acusado no había sido representado por letrado al serle leídas las sentencias. El tribunal a quo declaró sin lugar todas esas objeciones y admitió los documentos que se ofrecían en evidencia, indicando sin embargo que no daría peso alguno a las certificaciones presentádasle en relación con los casos de escalamiento.

De conformidad con los arts. 6 y 7 de la Ley 17 de 1951, supra, las violaciones a dichos artículos constituyen delitos graves cuando el infractor ha sido anteriormente convicto de violar la Ley de Armas o de alguno de los delitos enumerados en el art. 17 de la misma ley,(³) entre los cuales se encuentran los de hurto y escalamiento. A virtud de la letra clara del art. 17 el fiscal no venía obligado a probar las tres convicciones anteriores, es decir, las dos por escalamiento y la de hurto. Bastaba que probara una sola convicción previa del acusado en cualquiera de esas causas. El juzgador, conforme hemos indicado, admitió las certificaciones relativas a los delitos de escalamiento, pero descartó las mismas. Admitió también la certificación relativa al delito de hurto. En ello no cometió error, y su admisión bastaba para demostrar que el apelante había sido convicto anteriormente de uno de los delitos especificados en el art. 17 antes citado. Esa convicción previa convertía la posesión o portación de un arma bajo los art. 6 y 7 de la ley, supra, en delito grave.

La copia certificada de la acusación, sentencia y minutas del antiguo Tribunal del Distrito de Humacao en relación con el caso de hurto seguido contra el acusado ante dicho tribunal era claramente admisible en evidencia. Art. 56 de nuestra Ley de Evidencia; *Negrón* v. *Corujo*, 67 D.P.R. 398. En dicha certificación claramente se decía que la sentencia dictada en el caso de hurto no había sido apelada y que la mis-

---

(³) El art. 17 de la Ley de Armas preceptúa que:

"El Jefe de la Policía de Puerto Rico no expedirá licencia para tener y poseer un arma de fuego a persona alguna que haya sido convicta, en o fuera de Puerto Rico, de cualquiera de los siguientes delitos o de tentativa para cometer los mismos: asesinato en cualquier grado, homicidio voluntario, secuestro, violación, mutilación, ataque con intención de cometer asesinato u homicidio, acometimiento y agresión grave, cuando este delito se haya realizado con un arma cortante, punzante o de fuego, robo, escalamiento, hurto, incendio malicioso, incesto, infracción a la Ley núm. 53 de 10 de junio de 1948 según ha sido enmendada o infracción a la Ley núm. 220 de 15 de mayo de 1948 según ha sido enmendada, o infracción al Artículo 371 del Código Penal, ni a ninguna persona que sea un desequilibrado mental, un ebrio habitual o que sea adicto al uso de narcóticos o drogas, ni a ninguna persona que haya sido convicta por violación a las disposiciones de esta Ley."

ma era firme. Ello bastaba para probar la convicción anterior por ese delito. *Cf. Pueblo* v. *Torres*, 39 D.P.R. 605; *Pueblo* v. *Morales*, 61 D.P.R. 902.

 El segundo error señalado es completamente frívolo. De los autos se desprende claramente que el acusado estuvo asistido de letrado en todas las etapas de los procedimientos, en las preliminares por el Lic. Jesús Rodríguez López y en el juicio en sus méritos por el Lic. Fernando Pérez Rejis.

El hecho de que Eligio Rodríguez Torres hubiera sido convicto de un delito grave con anterioridad al momento en que declaraba no impedía que él pudiera servir como testigo en los casos que se seguían contra este acusado. Véase el art. 38 de la Ley de Evidencia, preceptivo de que "Todas las personas, sin excepción,. . .que hallándose en posesión de sus sentidos, pueden percibir, y percibiendo, comunicar sus percepciones a otras personas, son aptas para testigos. Así, pues, ninguna de las partes. . .serán excluídas; ni las que hubieren sido convictas de delitos graves."

 Tampoco erró la corte sentenciadora al darle crédito al testimonio de Bernardo Colón. Ella tenía derecho a hacerlo y a dirimir el conflicto en la prueba.

Hay abundante jurisprudencia en esta isla al efecto de que en casos de esta naturaleza no es necesario presentar en evidencia el arma. *Pueblo* v. *Rupizá* 72 D.P.R. 744; *Pueblo* v. *Carrillo*, 51 D.P.R. 365, 367; *Pueblo* v. *Álvarez*, 50 D.P.R. 104; *Pueblo* v. *García*, 42 D.P.R. 142, 144. En tales casos la jurisprudencia exige que la prueba sea clara y convincente. *Pueblo* v. *Rupizá*, supra; *Pueblo* v. *Guzmán*, 52 D.P.R. 458, 459. En los casos de autos declararon Eligio Rodríguez Torres, Bernardo Colón y César Velázquez como testigos de El Pueblo. Como testigo de la defensa meramente declaró el propio acusado. La prueba fué conflictiva, pero el tribunal a quo dirimió el conflicto dando crédito a la del ministerio público. Aunque Eligio Rodríguez Torres

fué el único testigo que declaró que había visto al acusado en posesión del arma y portando la misma, ello bastaba si el juez sentenciador le creyó, no obstante el hecho de no haberse ocupado el arma. Art. 18 de la Ley de Evidencia.(⁴) *Cf. People* v. *Persce,* 97 N.E. 877, 878.

En casos de portación o posesión ilegal de armas de fuego el fiscal no viene obligado a probar que el acusado no tenía licencia con tal fin, cuando se ha alegado tal hecho en la acusación y se ha probado la portación o posesión del arma, ya que en ellos surge la presunción de portación o posesión ilegal y es al acusado a quien incumbe destruir tal presunción. *Pueblo* v. *Segarra,* 77 D.P.R. 736; *Pueblo* v. *Negrón,* 76 D.P.R. 346, en el cual dijimos a la pág. 351 que "...Existe sin embargo otro principio aceptado generalmente por los tribunales americanos al efecto de que no incumbe al fiscal aducir prueba afirmativa para sostener una alegación negativa cuya veracidad queda razonablemente indicada por las circunstancias establecidas y que de ser incierta pueda fácilmente ser contradicha mediante el ofrecimiento de prueba documental o de otra índole que probablemente está en poder del acusado o bajo su dominio." Era por tanto innecesario considerar cualquier evidencia que el fiscal presentara para probar que el acusado no tenía licencias para portar o poseer armas de fuego, ya que al propio acusado era a quien correspondía probar que tenía tales licencias. Él no ofreció prueba alguna a ese efecto.

En lo que respecta a la alegación del apelante de que las sentencias deben ser revocadas porque él había sido enjuiciado anteriormente por los mismos delitos que dieron lugar a las acusaciones en los casos de autos, bastará decir que hemos leído la transcripción que nos ha sido elevada y que no encontramos base alguna para sostener dicha contención. Véase *Pueblo* v. *Lorenzano,* 52 D.P.R. 888, 890.

(⁴) El art. 18 de la Ley de Evidencia dispone que:
"La evidencia directa de un testigo que merezca entero crédito, es prueba suficiente de cualquier hecho salvo perjurio o traición."

Tampoco hallamos en la transcripción de evidencia indicio alguno de que el juzgador actuara movido por pasión, prejuicio o parcialidad.

*Las sentencias apeladas serán confirmadas.*