ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido v<br><br>v.<br><br>DANIEL DE ARMAS AYALA<br><br>Peticionario | KLCE202500296 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número:<br>K VI2016G0023 y otros<br><br>Sobre: Art. 93 (A) C.P. (2012) y otros |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de mayo de 2025.

Comparece el señor Daniel De Armas Ayala ("señor De Armas Ayala" o "peticionario") mediante *Certiorari Criminal.* Nos solicita la revocación de la *Resolución* emitida el 19 de febrero de 2025 y notificada el 24 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). En virtud del referido dictamen, el foro primario declaró *Ha Lugar* la *Urgente Moción Solicitando Inclusión de Testigo al Amparo del Debido Proceso de Ley* presentada por el Ministerio Público. En efecto, ordenó la continuación de los procedimientos, pues determinó que la intervención del testigo no perjudica los derechos constitucionales que asisten al aquí peticionario.

Por los fundamentos que expondremos a continuación, declaramos *No Ha Lugar* el auxilio de jurisdicción solicitado y *denegamos* la expedición del auto de *certiorari.*

**I.**

Por hechos acontecidos el 11 de noviembre de 2015, el Ministerio Público presentó una serie de acusaciones en contra del señor De Armas Ayala por infracción a los Artículos 93 (A), 93 (D) y 249 (C) del Código Penal, 33 LPRA secs. 5142 y 5339, y violación a los Artículos 5.07 y 5.15 de la Ley de Armas

Número Identificador
RES2025_____

de Puerto Rico de 2000, Ley Núm. 404-2000, según enmendada, 25 LPRA secs. 458f y 458n.[1]

Tras varias incidencias procesales, cuyo tracto no es necesario pormenorizar, este foro intermedio apelativo ordenó la celebración de un nuevo juicio, lo cual tuvo el efecto de revocar el dictamen de culpabilidad previamente emitido en contra del señor De Armas Ayala.[2]

Así determinado, el 14 de noviembre de 2023, inició la celebración del nuevo juicio con el desfile de prueba por parte del Ministerio Público.[3] Aún sin concluir el juicio, el 12 de agosto de 2024, la fiscalía solicitó en corte abierta la inclusión de un nuevo testigo.[4] Ante esta petición, el foro primario concedió a las partes un término de veinte (20) días para presentar sus escritos al respecto.[5]

En cumplimiento, el 22 de agosto de 2024, el Ministerio Público presentó una *Urgente Moción Solicitando Inclusión de Testigo al Amparo del Debido Proceso de Ley.*[6] Expuso que el 19 de julio de 2024, el Tribunal Supremo en *Pueblo v. Meléndez Monserrate,* 2024 TSPR 80; 214 DPR ___ (2024) revocó el estado de derecho que permitía presumir la ausencia de licencia de armas. A la luz de este precedente, argumentó que el Estado tiene el peso de la prueba y no puede descansar en la presunción. Al contrario, explicó que debe demostrar probatoriamente la ausencia de licencia para portar armas de fuego. A esos fines, solicitó la inclusión del agente Lugo Rodríguez en calidad de testigo y la presentación de la prueba documental notificada a la defensa el 12 de agosto de 2024.

Por su parte, el 23 agosto de 2024, el señor De Armas Ayala presentó una *Moción en Cumplimiento de Orden en Oposición a Inclusión de Testigo.* Argumentó que el estado de derecho previo a *Pueblo v. Meléndez Monserrate, supra,* requería que la fiscalía presentara prueba para establecer que el

---

[1] Apéndice de la parte peticionaria, págs. 35-43.
[2] *Sentencia* (KLAN201701118) emitida el 9 de junio de 2020, a luz del criterio de veredicto por unanimidad en juicio por jurado según establecido en *Ramos v. Louisiana,* 140 S. Ct. 1390 (2020) adoptado en *Pueblo v. Torres Rivera II,* 204 DPR 288 (2020).
[3] Apéndice de la parte peticionaria, pág. 3.
[4] Apéndice de la parte peticionaria, pág. 3.
[5] Apéndice de la parte peticionaria, pág. 4.
[6] Apéndice de la parte peticionaria, págs. 26-33.

acusado no tenía licencia para portar armas de fuego, según explicado en *Pueblo v. Colón González,* 209 DPR 967, 977 (2022). Por lo que, razonó que el Ministerio Público tenía conocimiento de la obligación de presentar prueba pertinente para probar la comisión del delito de portación ilegal de armas.

Tras examinar los argumentos de las partes, el 19 de febrero de 2025, el foro primario dictó una *Resolución,* notificada el 24 de febrero de 2025, en la cual declaró *Ha Lugar* la *Urgente Moción Solicitando Inclusión de Testigo al Amparo del Debido Proceso de Ley.*[7] En esencia, repasó que en el año 2022 el Tribunal Supremo de Puerto Rico en *Pueblo v. Colón González, supra,* pautó que en los casos de juicio por jurado no se sostiene la presunción de la portación de arma sin licencia. Reconoció, a su vez, que esa normativa se extendió en el año 2024 a juicios celebrados por tribunal de derecho según reconocido en *Pueblo v. Meléndez Monserrate, supra.* A la luz de este último precedente, el foro *a quo* resolvió que "el Ministerio Público está obligado a presentar prueba —directa o circunstancial— suficiente y satisfactoria de la portación o posesión del arma y de la falta de licencia para poseerla".[8]

Respecto al argumento de que el acusado no estaba preparado, el tribunal recurrido concluyó, que este no estableció la existencia de una actuación perjudicial contraria a los derechos constitucionales. Por último, dispuso que "**cualquier perjuicio quedó eliminado al posponerse el juicio, debido a que tanto la evidencia a presentarse, como el testigo, fueron anunciados por el Ministerio Público desde el mes de agosto de 2024**".[9] (Énfasis nuestro).

Inconforme, el 25 de marzo de 2025, el señor De Armas Ayala acudió ante nos mediante *Certiorari Criminal.* En su recurso presentó los siguientes señalamientos de error:

> **ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR LA SOLICITUD DE INCLUSIÓN DE NUEVO TESTIGO Y ADMISIÓN DE NUEVA PRUEBA LUEGO DE SOMETIDO EL CASO POR PARTE DEL MINISTERIO PÚBLICO SUSTENTANDO PORQUE ALEGADAMENTE NO HUBO MALA FE EN LA PETICIÓN Y QUE EL PETICIONARIO NO DEMOSTRÓ UN PERJUICIO CON LA INCLUSIÓN DEL TESTIGO Y**

---

[7] Apéndice de la parte peticionaria, págs. 1-17.
[8] Apéndice de la parte peticionaria, pág. 14.
[9] Apéndice de la parte peticionaria, págs. 16-17.

**LA PRUEBA HACIENDO ABSTRACCIÓN DE QUE LAS RAZONES ADUCIDAS POR EL MINISTERIO PÚBLICO PARA LA SOLICITUD TARDÍA OBEDECEN A UNA POBRE DILIGENCIA EN EL PROCESAMIENTO DEL CASO.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RAZONAR QUE AL ARTÍCULO 5.07 DE LA LEY DE ARMAS DE 2000 NO LE ES EXTENSIVA LA DOCTRINA DEL CASO DE PUEBLO V. MELENDEZ MONSERRATE 2024 TSPR 80.**

El 26 de marzo de 2025, esta Curia emitió una *Resolución* en la que ordenó a la parte recurrida a presentar su postura en torno al recurso presentado. Así dictaminado, el 14 de abril de 2025, el Ministerio Público presentó su alegato en oposición.

Eventualmente, el 2 de mayo de 2025, el peticionario presentó una *Moción Urgente Solicitando Remedios en Auxilio de Jurisdicción*. En esencia, peticionó la inmediata paralización de los procedimientos fundamentado en que el foro primario calendarizó la continuación del juicio para el 8 de mayo de 2025. Argumentó que el remedio solicitado es imprescindible, pues el recurso de *certiorari* no paraliza los trámites judiciales. De acuerdo con el peticionario, si este Tribunal no concede la paralización, el foro *a quo* celebrará el próximo señalamiento de juicio con la intervención del testigo no anunciado en contravención de sus derechos constitucionales.

**Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal aplicable a la controversia presente**.

## II.

### *A. Recurso de certiorari*

Es normativa reiterada que, el auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994, 1004 (2021). *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933 de la Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. A diferencia del recurso de apelación, el tribunal revisor puede expedir el auto de *certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Pueblo v. Díaz De León,* 176 DPR 913, 917-918 (2009). Así pues, la característica distintiva de este recurso "se asienta en la

discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, fija unos criterios para que el tribunal revisor intermedio ejerza prudentemente su discreción al decidir si atiende en los méritos el recurso. *Pueblo v. Rivera Montalvo, supra,* pág. 373. En lo pertinente, preceptúa los siguientes criterios para considerar su expedición:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para analizar el problema.

C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones reglamentaria orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209. A su vez, permiten que el análisis revisorio no se efectúe en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* pág. 176.

Al evaluar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 849 (2023). Ello, pues, "el *certiorari* sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso". *Pueblo v. Díaz De León, supra,* pág. 918. Por tanto, no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad

o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

### B. Intervención de testigo no anunciado

Nuestro esquema constitucional reconoce el derecho a un debido proceso de ley en toda actuación en la cual el Estado intervenga con la vida, la libertad o la propiedad de una persona. Const. P.R., Art. II, Sec. 7, LPRA, Tomo 1. En el contexto penal, el debido proceso de ley requiere que toda persona acusada sea juzgada conforme al proceso que la ley establece. *Pueblo v. Santiago Cruz y en interés del menor FLR*, 205 DPR 7, 23 (2020). En consonancia con lo anterior, en todos los procesos criminales operan las siguientes garantías constitucionales:

> [E]l acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma, a carearse con los testigos de cargo, a obtener la comparecencia compulsoria de testigos a su favor, a tener asistencia de abogado, y a gozar de la presunción de inocencia. *Pueblo v. Montero Luciano*, 169 DPR 360, 372 (2006) (citando a Const. P.R., Art. II, Sec. 11, LPRA, Tomo I).

En virtud de ello se reconoce que todo acusado tiene el derecho a presentar una defensa adecuada. *Pueblo v. Custodio Colón*, 192 DPR 567, 584 (2015). Así, pues, para viabilizar una defensa adecuada se han establecido los mecanismo de la denuncia, el descubrimiento de prueba y la divulgación de evidencia exculpatoria. *Pueblo v. Rivera Rivera*, 145 DPR 366, 378 (1998). A esos fines, la Regla 52 de Procedimiento Criminal, 32 LPRA Ap. II, R. 52, establece que previo a la celebración del juicio, el Ministerio Público le entregará al acusado una copia de la acusación con una lista de los testigos, antes de que se le requiera que formule alegación alguna. Esta exigencia emana del derecho fundamental a informarse debidamente en la preparación de su defensa. *Pueblo v. Rodríguez González,* 202 DPR 258, 270 (2019). Ahora bien, este procedimiento no impide, a modo discrecional, la inclusión de testigos no anunciados en la etapa del juicio.

En *Pueblo v. Ramos Álvarez,* 118 DPR 782, 789 (1987), el Tribunal Supremo de Puerto Rico dispuso que "el tribunal, dentro de su discreción,

puede permitir la inclusión de testigos no anunciados en el juicio". Véase, también, *Pueblo v. Santiago*, 56 DPR 109, 114 (1940). Es decir, "puede permitir la inclusión posterior de testigos no anunciados en la acusación si no se alega **sorpresa, ni perjuicio, ni necesidad de tiempo para refutar sus declaraciones**". *Pueblo v. Rodríguez González, supra*, pág. 277; *Pueblo v. Rivera Santiago*, 176 DPR 559, 588–589 (2009); *Pueblo v. Ramos Álvarez*, *supra*, pág. 789; *Pueblo v. Santiago, supra*, pág. 114.

Conviene reseñar que en *Pueblo v. Santiago, supra*, pág. 114, el foro supremo puertorriqueño estableció que, como regla general, estas determinaciones no son revisables pues descansan en la discreción judicial:

> La presentación y examen de testigos en el acto del juicio de una causa criminal se hallan necesariamente sometidos a la discreción del tribunal sentenciador, y en muchos casos, el juez debe ejercer una sana discreción judicial, al dirigir los mismos. **A no ser que dicho juez haya ejercido su discreción de tal manera que resulten perjudicados los derechos del acusado o los del Pueblo, sus resoluciones en tales materias no están sujetas a revisión.**

De no mediar perjuicio, sorpresa o necesidad de tiempo adicional, el foro primario deberá continuar los procedimientos. Ello, pues, la presentación de un testigo no anunciado no acarrea, por necesidad, la disolución del jurado o un nuevo juicio. *Pueblo v. Rivera Santiago, supra*, pág. 589.

### C. Carga probatoria en casos de portación ilegal de armas

Nuestro ordenamiento constitucional exige que la culpabilidad de un acusado debe ser establecida más allá de duda razonable, pues le cobija el derecho a la presunción de inocencia. Art. II, Sec. 11, Const. PR, LPRA, Tomo 1; Regla 110 de Procedimiento Criminal, 34 LPRA Ap. II. A la luz de este principio fundamental, en el contexto penal, el Estado tiene la obligación de presentar prueba suficiente en derecho y satisfactoria que establezca los elementos del delito imputado y produzca certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. *Pueblo v. Arlequín Vélez*, 204 DPR 117, 146 (2020); *Pueblo v. Cabán Torres*, 117 DPR 645, 652 (1986). Así pues, para derrotar la presunción de inocencia y probar la comisión de un delito más allá de duda razonable, no es requisito que toda duda posible sea destruida, sino que se derrote la duda razonable, es decir, la

duda fundada en el raciocinio de todos los elementos de juicio implicados en el caso y que no constituye una duda especulativa o imaginaria. *Pueblo v. Negrón Ramírez*, 213 DPR 895, 908 (2024); *Pueblo v. García Colón I*, 182 DPR 129, 175 (2011).

Ahora bien, en atención a la carga probatoria de los casos de armas, conviene repasar brevemente el desarrollo jurisprudencial. En el año 1955, el Tribunal Supremo de Puerto Rico interpretó en *Pueblo v. Pacheco*, 78 DPR 24, 30 (1955) la derogada Ley de Armas (1951), Ley Núm. 17 de 19 de enero de 1951. En esta determinación pautó la siguiente normativa:

> En casos de portación o posesión ilegal de armas de fuego el fiscal no viene obligado a probar que el acusado no tenía licencia con tal fin, cuando se ha alegado tal hecho en la acusación y se ha probado la portación o posesión del arma, ya que en ellos surge la presunción de portación o posesión ilegal y es al acusado a quien incumbe destruir tal presunción.

Nótese que este precedente imperó durante un prolongado tiempo en nuestro esquema probatorio. No obstante, en *Pueblo v. Colón González*, 209 DPR 967 (2022), el Máximo Foro atendió una controversia sobre la instrucción al jurado que reconocía la presunción de portación ilegal de armas. Respecto a la instrucción al jurado estableció que "no se hace mandatoria la presunción de falta de licencia de portación de armas". *Íd.*, pág. 991. Sobre este particular, emitió el siguiente pronunciamiento judicial:

> Precisamente los efectos que catalogamos como impermisibles e inconstitucionales en *Pueblo v. Sánchez Molina, supra*, son los que tienen la instrucción en este caso. En ese sentido, y acorde con nuestro pronunciamiento en *Pueblo v. Sánchez Molina, supra*, y la vasta jurisprudencia federal allí citada, entendemos que la instrucción en cuestión, tal cual redactada e impartida, no tenía espacio, en la etapa del juicio, por contravenir preceptos fundamentales de la Constitución de Puerto Rico y de la Constitución federal, parte del debido proceso de ley, tales como la presunción de inocencia y la obligación del Estado de probar más allá de duda razonable todos los elementos del delito. *Íd.*, pág. 990.

> Por lo tanto, la instrucción de portación ilegal del Libro de Instrucciones al Jurado de 1976, supra, y del Proyecto de Libro de Instrucciones al Jurado, que son esencialmente iguales, no se puede utilizar para impartir instrucciones al Jurado en casos relacionados con la infracción del Art. 5.04 de la Ley de Armas, supra. En su lugar, el Tribunal deberá explicar que la presunción de portación ilegal permite, pero no obliga a inferir el hecho presumido (la falta de licencia para portar arma). *Íd.*, pág. 990.

A los fines de precisar el estado de derecho, en *Pueblo v. Meléndez Monserrate*, 2024 TSPR 80; 214 DPR ___ (2024), nuestro Tribunal Supremo

decidió expresamente revocar el precedente de *Pueblo v. Pacheco, supra,* al interpretar el Artículo 5.04 de la Ley de Armas de Puerto Rico, Ley Núm. 404-2000, 25 LPRA sec. 458c:

> Por entender que la interpretación que extendimos en *Pueblo v. Pacheco*, 78 DPR 24 (1955) sobre la forma de aplicar la presunción del delito de portación ilegal en la etapa de juicio invierte el peso de la prueba y releva al Estado de la obligación de probar el elemento de ausencia de licencia, procede que revoquemos la referida jurisprudencia.

> Por lo tanto, para que el Estado alcance la culpabilidad de un acusado por posesión o portación ilegal más allá de duda razonable, el Ministerio Público no puede descansar únicamente en la presunción de ausencia de licencia, sino que está compelido a presentar prueba, directa o circunstancial, tanto de la portación de arma como de la falta de licencia para portarla, según disponía el Art. 5.04 de la Ley de Armas de 2000, *supra*.

En lo pertinente, extendió el precedente dictado en *Pueblo v. Colón González, supra,* a aquellos casos cuyos juicios sean por el tribunal de derecho:

> [B]ajo el nuevo manual, el tribunal de instancia instruirá al Jurado que el Estado tiene que probar con evidencia suficiente y satisfactoria cada elemento del delito de portación ilegal. **Por lo tanto, no existe razón por la cual deba ser distinto en los casos por tribunal de derecho.** *Íd.*

Así establecido, el foro supremo estatal pautó la siguiente normativa probatoria:

> A raíz de nuestra determinación, y cónsono con lo que debe ocurrir en los casos por Jurado, **resolvemos que, para alcanzar la culpabilidad de la persona acusada por posesión o portación ilegal de un arma más allá de duda razonable, el Ministerio Público está obligado a presentar prueba -directa o circunstancial- suficiente y satisfactoria de la portación o posesión del arma y de la falta de licencia para portarla o poseerla**. Esto es, si el Estado no cuenta con la prueba directa, como la certificación que expide el Estado o la confesión corroborada del acusado, puede probar el elemento de ausencia de licencia con prueba indirecta o circunstancial. De este modo, si la prueba circunstancial desfilada cumple con lo dispuesto, los tribunales podrán avalar la aplicación de la presunción de ausencia de licencia sin violar los derechos constitucionales del acusado, según lo exige el *quantum* probatorio de la etapa del juicio. *Íd.*

En virtud de esta normativa, se prohíbe que las presunciones en los procedimientos penales se apliquen arbitrariamente en el caso o que eximan al ministerio público de cumplir con su deber de probarle al juzgador de los hechos que el acusado es culpable más allá de toda duda razonable. *Pueblo v. Colon González, supra*, pág. 986; *Pueblo v. Sánchez Molina*, 134 DPR 577, 587 (1993). Este análisis jurisprudencial recuerda que la obligación de presentar evidencia y cumplir con la carga de la prueba para establecer la culpabilidad

del acusado corresponde al Estado. *Pueblo v. Irizarry,* 156 DPR 780, 787 (2002).

**III.**

En el presente caso, el señor De Armas Ayala nos invita a revocar el dictamen que permitió la inclusión de un testigo y prueba documental de conformidad a la norma establecida en *Pueblo v. Meléndez Monserrate, supra.* Contiende que la fiscalía tenía el deber de presentar la lista de testigos de cargos dentro del término de diez (10) días dispuesto en la Regla 95 de Procedimiento Criminal. Por tanto, discute que en la etapa presente el caso se encuentra sometido, pues no existen razones válidas en derecho que justifiquen la inclusión del testigo. Razona que el Ministerio Público tenía conocimiento de la obligación de presentar prueba para probar la comisión del delito de portación ilegal de arma, por lo que, no podía descansar en una presunción.

En oposición, el Ministerio Público argumenta que decidió incluir un testigo para probar la ausencia de licencia del señor De Armas Ayala tras adopción de la normativa recogida en *Pueblo v. Meléndez Monserrate, supra.* Por tanto, considera que el foro primario amparado en su discreción autorizó correctamente la inclusión del testigo. Ante este razonamiento, sostiene que no procede la expedición del recurso, pues en el presente caso no median los criterios expuestos en la Regla 40 del Tribunal de Apelaciones, *supra.*

Luego de evaluar con sumo cuidado el tracto fáctico reseñado a la luz del estado de derecho imperante, determinamos que nos corresponde abstenernos de intervenir judicialmente. Conviene repasar que, ante la argumentación levantada por el acusado, el foro primario dispuso que "**cualquier perjuicio quedó eliminado al posponerse el juicio, debido a que tanto la evidencia a presentarse, como el testigo, fueron anunciados por el Ministerio Público desde el mes de agosto de 2024**".[10] (Énfasis nuestro).

Ante este escenario, no identificamos las condiciones jurídicas requeridas para activar nuestra función revisora en esta etapa. Recordemos,

---

[10] Apéndice de la parte peticionaria, págs. 16-17.

pues, que el foro primario "puede permitir la inclusión posterior de testigos no anunciados en la acusación si no se alega sorpresa, ni perjuicio, ni necesidad de tiempo para refutar sus declaraciones". *Pueblo v. Rodríguez González, supra,* pág. 277.). Destacamos, a su vez, que, en estas circunstancias, como regla general, nuestra facultad revisora es sumamente limitada, salvo la actuación judicial resulte perjudicial a los derechos de la parte acusada. Véase *Pueblo v. Santiago, supra,* pág. 114.

Por tanto, no interferiremos en esta fase de celebración del juicio en consideración a los parámetros orientativos de la Regla 40 del Tribunal de Apelaciones, *supra.* Ante la ausencia de indicios de prejuicio, parcialidad, craso abuso de discreción o error en interpretación o aplicación de norma procesal o sustantiva, declaramos *No Ha Lugar* el auxilio de jurisdicción solicitado y *denegamos* la expedición del auto de *certiorari* de conformidad con el marco legal discutido.

**IV.**

Por los fundamentos que anteceden, declaramos *No Ha Lugar* el auxilio de jurisdicción solicitado y *denegamos* la expedición del auto de *certiorari.*

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones